UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

          Plaintiff,

     v.

TELUS HEALTH (US) LTD., a
Delaware corporation; and
DOES 1-10, inclusive,

         Defendants.

No. 2:24-cv-01431-JAM-SCR

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

Before the Court is Telus Health (US) Ltd.'s (hereinafter, "Defendant") motion to dismiss the second cause of action in Sacramento County Employees' Retirement System's (hereinafter, "Plaintiff") Complaint ("the Complaint"). See Mot., ECF No. 12; Compl., ECF No. 1-4. Plaintiff opposed. See Opp'n, ECF No. 19. Defendant replied. See Reply, ECF No. 21. For the following reasons, Defendant's motion is GRANTED WITH LEAVE TO AMEND.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 20, 2024.

1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Plaintiff originally brought the Complaint in the Superior

3    Court of California, County of Sacramento.  See Compl.  Defendant

4    then timely removed the case to federal court under diversity

5    jurisdiction.  See Notice of Removal, ECF No. 1; see also 28

6    U.S.C. § 1441.

7          This controversy arises out of a contract dispute between

8    Plaintiff and Defendant.  See Compl. ¶¶ 6-7.  Plaintiff is a

9    public employee retirement system, and Defendant is a technology

10   company that sells and implements pension administration

11   software.  Id. ¶¶ 1-2.  Defendant promised to develop, install,

12   and deliver a software system to Plaintiff.  Id. ¶ 15.  After

13   Defendant allegedly failed to perform, Plaintiff terminated the

14   contract.  Id. ¶ 44.

15         In the Complaint, Plaintiff brings two causes of action:

16   breach of contract and breach of the implied covenant of good

17   faith and fair dealing.  Id. ¶¶ 45-53.  Defendant now moves to

18   dismiss the second cause of action for breach of the implied

19   covenant.  Mot. at 2.  Defendant argues that this claim is

20   duplicative of Plaintiff's breach of contract claim.  Id. at 5.

21   Plaintiff counters that its implied covenant claim is

22   distinguishable from its contract claim, and that it has

23   sufficiently pled a claim for breach of the implied covenant.

24   Opp'n at 8, 10-11.

25                        II.   OPINION

26         A.   Legal Standard

27         A Rule 12(b)(6) motion challenges the sufficiency of a

28   complaint for "failure to state a claim upon which relief can be

                                      2

granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Conclusory allegations are not to be considered in the plausibility analysis.  Id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the case.  Fed. R. Civ. P. 12(b)(6).

> B.   Breach of the Implied Covenant of Good Faith and Fair Dealing

>> 1.  Applicable Law

"[T]he implied covenant operates to protect the express covenants or promises of [a] contract." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 806 (2008).  Importantly, "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." Id.  Whether the implied covenant of good faith has been breached is typically a question of fact.  Hicks v. E.T. Legg & Assocs., 89 Cal. App. 4th

1  496, 509 (2001).

2       Also, a breach of the covenant of good faith and fair

3  dealing is "prompted not by an honest mistake, bad judgment or

4  negligence but rather by a conscious and deliberate act." Careau

5  & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395

6  (1990) (hereinafter, "Careau").  If the allegations of a breach

7  of good faith "do not go beyond the statement of a mere contract

8  breach and, relying on the same alleged acts, simply seek the

9  same damages or other relief already claimed in a companion

10  contract cause of action, they may be disregarded as superfluous

11  as no additional claim is actually stated." Id.

12          2.  Analysis

13       Plaintiff alleges that Defendant violated the implied

14  covenant because it "failed to perform its contractual

15  obligations in good faith."  Compl. ¶ 52.  Defendant counters

16  that this claim is duplicative of Plaintiff's claim for breach

17  of contract.  Mot. at 5.  As explained below, the Court finds

18  that Plaintiff's claim fails to meet the applicable standard

19  because (a) many of Plaintiff's allegations do not constitute a

20  "conscious and deliberate act" and (b) the remaining allegations

21  "do not go beyond the statement of a mere contract breach." See

22  Careau, 222 Cal. App. 3d at 1395.

23          a.  Conscious and Deliberate Act

24       First, Plaintiff fails to allege a "conscious and

25  deliberate act" on the part of Defendant.  In its opposition to

26  the present motion, Plaintiff relies on the following

27  allegations: Defendant pressured Plaintiff to approve failed

28  tests based on Defendant's assurances that failures would be

                                4

quickly remedied (Compl. ¶ 24); Defendant's software developers operated outside of its pension solution team (Compl. ¶ 24); Defendant did not provide adequate testing support, training support, and data conversion expertise to remedy the chronic failures revealed by testing (Compl. ¶ 25); Defendant used testing processes that it admitted were not industry standard (Compl. ¶ 29); and Defendant identified additional requirements for phase implementation but never increased resources to meet additional workload demands (Compl. ¶ 32). See Opp'n at 5-6. None of these allegations explicitly or implicitly constitute a "conscious and deliberate act" by Defendant to interfere with the contract. See Careau, 222 Cal. App. 3d at 1395. On the contrary, any failure on Defendant's end to remedy problems or devote more resources was, at best, negligent. Plaintiff provides no factual allegations demonstrating that Defendant's failures were in bad faith. In fact, Defendant apparently kept Plaintiff apprised of its progress (or lack thereof) in implementing the System.

The only allegation that might be construed as constituting "bad faith"—that Defendant misled Plaintiff regarding the System's readiness—is insufficient to support a claim for breach of the implied covenant. Plaintiff alleges that Defendant led Plaintiff to believe the system was ready for use despite system failures, and that Defendant did not respond to Plaintiff's repeated requests for information to understand the testing defects and delays in requirements development. Compl. ¶¶ 23, 34. But Plaintiff knew about the System failures despite Defendant's assurance to remedy, and Plaintiff states that

5

1    Defendant did provide some documentation.  See id.  Defendant's

2    alleged conduct is not a "conscious and deliberate act" to

3    interfere with the contract.  See Careau, 222 Cal. App. 3d at

4    1395.  Rather, Plaintiff learned about Defendant's failures

5    throughout the Agreement and nonetheless continued the

6    contractual relationship.

7              b.    Duplicative of the Breach of Contract Claim

8         Second, in its opposition, Plaintiff misrelies on breach of

9    contract allegations for this claim.  See Opp'n at 5-6.

10   Plaintiff alleges that Defendant consistently delayed and altered

11   delivery dates for key functions.  Compl. ¶ 27.  But elsewhere in

12   the Complaint, Plaintiff alleges that key deliverables and

13   deadlines were memorialized in Amendment 6, which means this

14   alleged conduct would be a breach of contract. Compl. ¶¶ 18, 26.

15   Plaintiff further states that Defendant increased deliverable

16   lead times after agreed schedules, and without adding any

17   additional resources. Compl. ¶ 35.  But a violation of the agreed

18   schedule is a breach of contract.  Next, Plaintiff alleges that

19   Defendant failed to provide documentation, results, or proof of

20   testing. Compl. ¶ 38.  But the only example in this paragraph is

21   that Defendant did not meet the requirements of Amendment 6,

22   which would mean that Defendant breached the contract.  Finally,

23   Plaintiff relies on its descoping allegation that Defendant

24   removed the payment processing and member portal features.  Opp'n

25   at 9; Compl. ¶ 39.  But, as Defendant asserts, removal of these

26   features would have been a violation of the express terms of the

27   contract.  See id.; Mot. at 7.  Because these allegations "do not

28   go beyond the statement of a mere contract breach," they fail to

1   support this claim.  See Careau, 222 Cal. App. 3d at 1395.

2        To be sure, the Complaint is primarily focused on supporting

3   a claim for breach of contract, not breach of the implied

4   covenant of good faith and fair dealing.  Plaintiff alleges

5   throughout the Complaint that Defendant violated the Agreement

6   and subsequent Amendments.  See, e.g., Compl. ¶ 31 ("[t]he

7   reasons for these altered timelines stemmed directly from

8   Defendant's inability and/or failure to deliver functional

9   modules and deliverables as required by the Agreement"); Compl.

10  ¶ 41 ("the System delivered by Defendant was incomplete, replete

11  with functionality problems, and failed to perform as required by

12  the Agreement"); and Compl. ¶ 42 ("Defendant therefore breached

13  the Agreement by taking many more years to deliver the promised

14  'commercially available' PAS system").  Nowhere in the Complaint

15  does Plaintiff allege that Defendant committed a "conscious and

16  deliberate act" that goes "beyond the statement of a mere

17  contract breach."  See Careau, 222 Cal. App. 3d at 1395.

18       Accordingly, Plaintiff fails to "state a claim to relief

19  that is plausible on its face" for breach of the implied

20  covenant of good faith and fair dealing.  See Ashcroft v. Iqbal,

21  556 U.S. at 678.

22       C.   Leave to Amend

23       A court granting a motion to dismiss a claim must then

24  decide whether to grant leave to amend.  Leave to amend should

25  be "freely given" where there is no "undue delay, bad faith or

26  dilatory motive on the part of the movant, . . . undue prejudice

27  to the opposing party by virtue of allowance of the amendment,

28  [or] futility of [the] amendment . . . ."  Foman v. Davis, 371

U.S. 178, 182 (1962).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, leave to amend is appropriate because Plaintiff has not previously amended the Complaint, so it is conceivable that the implied covenant claim could be "saved by amendment."  See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d at 1052.  However, the leave granted is limited to pleading the breach of implied covenant claim.  Plaintiff may not add new claims or any additional theories of breach without prior authorization from the Court.

III.   ORDER

For the reasons set forth above, Defendant's motion to dismiss the second cause of action in the Complaint for breach of the implied covenant of good faith and fair dealing is GRANTED WITH LEAVE TO AMEND.

If Plaintiff elects to file an Amended Complaint, it should do so within twenty (20) days of this Order.  Defendant shall file its response to the Amended Complaint within twenty (20) days thereafter.  If Plaintiff elects not to file an Amended Complaint, Defendant shall file its Answer to the Complaint no later than October 18, 2024.

IT IS SO ORDERED.

Dated:  September 17, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

8