UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO COUNTY EMPLOYEES' RETIREMENT SYSTEM,<br><br>            Plaintiff,<br><br>    v.<br><br>TELUS HEALTH (US) LTD., a Delaware corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | No. 2:24-cv-01431-JAM-SCR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM** |

Before the Court is Sacramento County Employees' Retirement System's ("Plaintiff") motion to dismiss Telus Health (US) Ltd.'s ("Defendant") First Amended Counterclaim ("FACC"). See Mot., ECF No. 27-1; FACC, ECF No. 26. Defendant opposed. See Opp'n, ECF No. 28. Plaintiff replied, though it failed to comply with the Court's order regarding filing requirements. See Reply, ECF No. 29; Order re Filing Requirements, ECF No. 11-2. For the following reasons, Plaintiff's motion is granted with leave to amend.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 11, 2025.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally brought the Complaint in the Superior Court of California, County of Sacramento. See Compl., ECF No. 1-4. Defendant then timely removed the case to federal court under diversity jurisdiction. See Notice of Removal, ECF No. 1; see also 28 U.S.C. § 1441.

This controversy arises out of a contract dispute between Plaintiff and Defendant. See Compl. ¶¶ 6-7. Plaintiff is a public employee retirement system, and Defendant is a technology company that sells and implements pension administration software. Id. ¶¶ 1-2. Defendant promised to develop, install, and deliver a software system to Plaintiff. Id. ¶ 15. After Defendant allegedly failed to perform, Plaintiff terminated the contract ("the Agreement"). Id. ¶ 44.

The Court previously granted Defendant's motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. See Order, ECF No. 23. Defendant then brought the FACC with three counterclaims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) quantum meruit. See FACC.

Plaintiff now moves to dismiss the second and third counterclaims for failure to state a claim. See Mot. Defendant argues that it has properly pled these counterclaims. See Opp'n.

II. OPINION

A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to

2

dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Conclusory allegations are not to be considered in the plausibility analysis. Id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

  B. Breach of the Implied Covenant of Good Faith and Fair Dealing

"[T]he implied covenant operates to protect the express covenants or promises of [a] contract." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 806 (2008). A breach of the covenant of good faith and fair dealing is "prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990) ("Careau"). If the allegations of a breach of good faith "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually

3

1  stated." Id.
2      Defendant alleges that Plaintiff violated the implied
3  covenant because it refused to "dedicate sufficient and
4  competent resources" and "discharge its responsibilities
5  necessary to the performance of the Agreement." FACC ¶ 27.
6  Plaintiff argues, in part, that Defendant fails to allege a
7  "conscious and deliberate act" that interfered with the
8  Agreement. See Mot. at 5. The Court agrees with Plaintiff and
9  finds that Defendant's counterclaim fails to meet the applicable
10 standard for this cause of action. See Careau, 222 Cal. App. 3d
11 at 1395.
12     In the FACC, Defendant relies on the following allegations:
13 Plaintiff failed to reconcile the payroll (FACC ¶ 12); Plaintiff
14 was "tardy and unresponsive in its communications" with
15 Defendant (FACC ¶ 14); Plaintiff failed to dedicate qualified
16 and sufficient resources to the project (FACC ¶ 27); Plaintiff
17 failed to train its employees to use the system (FACC ¶ 27);
18 Plaintiff failed to take actions to reduce its employee turnover
19 (FACC ¶ 27); Plaintiff failed to direct and supervise its
20 contractors that provided data conversion, reconciliation, and
21 clean-up (FACC ¶ 27); Plaintiff failed to work with Defendant
22 "in good faith" to address issues that arose (FACC ¶ 27); and
23 Plaintiff's contractors did not "have a mandate to act" and were
24 incompetent (FACC ¶ 28). None of these statements allege a
25 "conscious and deliberate act" by Plaintiff to interfere with
26 the contract. See Careau, 222 Cal. App. 3d at 1395. Just as
27 the Court previously held regarding Defendant's actions, any
28 failure on Plaintiff's end to remedy problems or devote more

4

resources was, at best, negligent. See Order at 5. Defendant argues that Plaintiff's actions taken together constitute a "pattern of misconduct . . . to maintain known problems." See Opp'n at 6 n.1. But that argument sidesteps Defendant's initial obligation to plead any act that is "conscious and deliberate." None of the above allegations satisfy that requirement.

Defendant also alleges that Plaintiff "terminated the Agreement in bad faith" to avoid additional payments to Defendant. FACC ¶ 29. Defendant states that Plaintiff's "pretextual termination" frustrated its right to receive the benefits of the Agreement, thereby stating an implied covenant counterclaim. Id. To support this theory, Defendant cites a footnote in Guz v. Bechtel Nat'l, Inc., where the California Supreme Court held that the implied covenant "prevents a party from acting in bad faith to frustrate the contract's actual benefits. Thus, for example, the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned." 24 Cal. 4th 317, 353 n.18 (2000) (emphasis added).

As Plaintiff points out, however, Defendant is caught in an impossible bind. See Mot. at 8. If Plaintiff breached the Agreement by terminating it, then this counterclaim fails because it is duplicative of the breach of contract counterclaim. See Careau, 222 Cal. App. 3d at 1395. On the other hand, if Plaintiff did not breach the Agreement by terminating it, then this counterclaim fails because the implied covenant cannot "impose substantive terms and conditions beyond

5

those to which the parties actually agreed." See <u>Avidity Partners, LLC v. State of California</u>, 221 Cal. App. 4th 1180, 1204 (2013); see also <u>Guz</u>, 24 Cal. 4th at 327. The implied covenant exists "to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes." <u>Foley v. Interactive Data Corp.</u>, 47 Cal. 3d 654, 690 (1988). As such, Defendant cannot bring an implied covenant claim based on Plaintiff's conduct that is expressly allowed by the contract, in this case, terminating the Agreement. Thus, regardless of whether Plaintiff breached the Agreement by terminating it, Defendant's implied covenant counterclaim fails.

Plaintiff presents further arguments regarding the sufficiency of this counterclaim. Because the Court finds that dismissal is warranted for the reason stated above, it does not address the remaining issues. Accordingly, the Court grants Plaintiff's motion to dismiss as to this counterclaim.

C. <u>Quantum Meruit</u>

Under California law, quantum meruit is "an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." <u>In re De Laurentis Entertainment Group, Inc.</u>, 963 F.2d 1269, 1272 (9th Cir. 1992). "[I]t is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." <u>Hedging Concepts, Inc. v. First All. Mortg. Co.</u>, 41 Cal. App. 4th 1410,

6

Case 2:24-cv-01431-JAM-SCR    Document 32    Filed 02/25/25    Page 7 of 9

1 | 1419 (1996).

2 |     Defendant does not plausibly allege that the services it
3 | seeks compensation for are not covered by the Agreement.  It
4 | alleges that it provided "services to correct data
5 | synchronization issues and services to provide additional
6 | training to" Plaintiff's employees.  FACC ¶ 33.  But Defendant
7 | does not allege in the FACC that these services go beyond the
8 | Agreement, even though it argues in its opposition that these
9 | services "were outside the terms of the Agreement."  See Opp'n
10 | at 15.  Plaintiff states that the Agreement governed the
11 | relationship between it and Defendant, and thus the Agreement
12 | determines Defendant's compensation for these services.  See
13 | Opp'n at 12.  Because Defendant has not plausibly alleged that
14 | its quantum meruit counterclaim seeks recovery for services
15 | outside of the Agreement, the Court grants Plaintiff's motion to
16 | dismiss as to this counterclaim.

17 |     D.   <u>Leave to Amend</u>

18 |     A court granting a motion to dismiss a claim must then
19 | decide whether to grant leave to amend.  Leave to amend should
20 | be "freely given" where there is no "undue delay, bad faith or
21 | dilatory motive on the part of the movant, . . . undue prejudice
22 | to the opposing party by virtue of allowance of the amendment,
23 | [or] futility of [the] amendment . . . ."  <u>Foman v. Davis</u>, 371
24 | U.S. 178, 182 (1962); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316
25 | F.3d 1048, 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as
26 | those to be considered when deciding whether to grant leave to
27 | amend).  Dismissal without leave to amend is proper only if it
28 | is clear that "the complaint could not be saved by any

amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

Here, the Court finds leave to amend is appropriate because it is conceivable that the implied covenant and quantum meruit counterclaims could be "saved by amendment." See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d at 1052. However, the leave granted is limited to pleading the implied covenant and quantum meruit counterclaims. Defendant may not add new counterclaims or any additional theories of breach without leave of Court.

E.   Sanctions for Failure to Comply with the Court's Order

Plaintiff's Reply exceeded the Court's page limit. See Order re Filing Requirements. Plaintiff's Reply was nine pages, and the filing requirements limit this brief to five pages and call for sanctions of $50 per page exceeding the limit. See id. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with . . . any order of the Court." Therefore, in addition to not considering any arguments made past the page limit, the Court sanctions Plaintiff's counsel, Alexander Westerfield, $200.

### III.  ORDER

For the reasons set forth above, Plaintiff's motion to dismiss Defendant's implied covenant and quantum meruit counterclaims is GRANTED WITH LEAVE TO AMEND.

If Defendant elects to file an Amended Counterclaim, it must

1  do so within twenty (20) days of this Order.  Plaintiff shall
2  file its response to the Amended Counterclaim within twenty (20)
3  days thereafter.
4       It is further ordered that, within ten (10) days of this
5  Order, Alexander Westerfield shall pay sanctions of $200.00 to
6  the Clerk of the Court.
7       IT IS SO ORDERED.
8  Dated:  February 25, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

9